CITY OF CINCINNATI, APPELLEE, *v.* OHIO POLICE PATROL, APPELLANT.

(Nos. 11720 to 11754—Decided January 24, 1971.)

*Mr. William A. McClain, Mr. Ralph E. Cors* and *Mr. John S. Moraites,* for appellee.
*Mr. Morris G. Sullivan,* for appellant.

HESS, P. J. This cause came on to be heard upon appeal on questions of law, a transcript of the original papers from the Hamilton County Municipal Court, the transcript of evidence, assignment of error, and briefs and arguments of counsel. Herein, the parties will be referred to as they appeared in the trial court.

There is no material dispute on the facts. The record discloses that the defendant, Ohio Police Patrol, is a corporation engaged in private police work; that in the conduct of its business it owns and operates automobiles which are equipped with red dome lights and markings purporting to indicate the vehicles are engaged in police work; and that the markings on the automobiles operated by defendant were approved by the director of highway safety.

Some of the personnel of defendant take an oath, post bonds and wear uniforms as officers. These officers perform the functions of a private police organization in keeping with their corporate charter.

The office of defendant is located at 1517-19 Dayton Street, Cincinnati, Hamilton County, Ohio. Over a period of time, as shown by the affidavit in each of the charges herein, defendant was charged with violations of the traffic code of the city of Cincinnati. There were a total of thirty-five violations which ultimately appeared on the traffic docket of the Hamilton County Municipal Court, and all the alleged violations were heard in one session of that court.

When the cases were called for trial, counsel for defendant advised the court as follows:

"There is no contest plea on one of these, they were parked where the affidavits say they were parked. It is our contention * * * that as a public service vehicle they are not subject to the parking regulations when used in that capacity."

Thereupon, the court made the following pronouncement: "Not having any testimony that they were used in that capacity when they were parked in front of the place of business of the representative of the corporation, the court finds the defendant guilty." The court then proceeded to impose fines as appears of record in each case. It is from the sentence and judgment of the trial court in each of the thirty-five cases that this appeal is taken.

Since the issue in each of the thirty-five cases is the same, it was stipulated that they be consolidated in this appeal.

In the one assignment of error presented by defendant, it is claimed "the finding of guilty in this case was error prejudicial to defendant-appellant because it was unsupported by any sworn testimony or evidence."

R. C. 2937.07 provides, in pertinent part, as follows:

"If the plea be 'no contest' or words of similar import in pleading to a misdemeanor, it shall constitute a stipulation that the judge or magistrate may make a finding of guilty or not guilty from the explanation of circumstances, and if guilt be found, impose or continue for sentence accordingly. Such plea shall not be construed to import an admission of any fact at issue in the criminal

charge in any subsequent action or proceedings, whether civil or criminal.''

In the instant cases, the defendant admitted that the facts stated in the affidavits were true following its plea of ''no contest.'' Counsel for defendant gave a full explanation of the acts of the defendant and argued that the nature of defendant's police business is such that it is immune from arrest when its motor vehicles are parked in violation of the traffic code. In its appeal, the defendant does not assign this contention as a ground of error. Therefore, it will not be considered.

The thrust of defendant's assignment of error is that the failure of the appellee to present any sworn testimony at the trial of the charges presented in the affidavits was a ground for dismissal of the charges, for lack of evidence.

R. C. 2937.07 does not require that sworn testimony be presented when a ''no contest'' plea is made and accepted and an explanation of the case is provided. The trial judge may make a finding of guilty or not guilty on a ''no contest'' plea from the explanation of circumstances presented.

In the instant case, the defendant presented to the trial court a full explanation of the facts and circumstances, and nothing further was required of the appellee to procure a conviction.

For the reasons presented herein, we find the defendant's assignment of error to be without merit.

It follows that the judgment of the trial court in each of the cases herein should be, and the same hereby is, affirmed.

*Judgment affirmed.*

Young and Shannon, JJ., concur.